**[J-53A-2020 and J-53B-2020] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| NANCY K. RAYNOR, ESQUIRE AND RAYNOR & ASSOCIATES, P.C. | : | No. 35 EAP 2019 |
| | : | |
| | : | Appeal from the Judgment of |
| | : | Superior Court entered on March 8, |
| v. | : | 2019 at No. 3313 EDA 2017 |
| | : | (reargument denied May 14, 2019) |
| | : | affirming, reversing and remanding |
| MATTHEW D'ANNUNZIO, ESQUIRE; | : | the Order entered on August 29, |
| KLEHR HARRISON HARVEY | : | 2017 in the Court of Common Pleas, |
| BRANZBURG LLP; WILLIAM T. HILL, | : | Philadelphia County, Civil Division at |
| ESQUIRE; MESSA & ASSOCIATES, P.C.; | : | No. 0211 January Term, 2017. |
| JOSEPH MESSA, JR., ESQUIRE AND | : | |
| ROSALIND W. SUTCH, AS EXECUTRIX | : | ARGUED: May 27, 2020 |
| OF THE ESTATE OF ROSALIND WILSON, | : | |
| DECEASED | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MESSA & ASSOCIATES, | : | |
| P.C. & JOSEPH MESSA, JR., ESQUIRE | : | |
| | | |
| NANCY K. RAYNOR, ESQUIRE AND RAYNOR & ASSOCIATES, P.C. | : | No. 36 EAP 2019 |
| | : | |
| | : | Appeal from the Judgment of |
| | : | Superior Court entered on March 8, |
| v. | : | 2019 at No. 3313 EDA 2017 |
| | : | (reargument denied May 14, 2019) |
| | : | affirming, reversing and remanding |
| MATTHEW D'ANNUNZIO, ESQUIRE; | : | the Order entered on August 29, |
| KLEHR HARRISON HARVEY | : | 2017 in the Court of Common Pleas, |
| BRANZBURG LLP; WILLIAM T. HILL, | : | Philadelphia County, Civil Division at |
| ESQUIRE; MESSA & ASSOCIATES, P.C.; | : | No. 0211 January Term, 2017. |
| JOSEPH MESSA, JR., ESQUIRE AND | : | |
| ROSALIND W. SUTCH, AS EXECUTRIX | : | ARGUED: May 27, 2020 |
| OF THE ESTATE OF ROSALIND WILSON, | : | |
| DECEASED | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MATTHEW D'ANNUNZIO, | : | |
| ESQUIRE, KLEHR HARRISON HARVEY | : | |
| BRANZBURG LLP, WILLIAM T. HILL, | : | |
| ESQUIRE, AND ROSALIND W. SUTCH, AS | : | |

EXECUTRIX OF THE ESTATE OF        :
ROSALIND WILSON, DECEASED      :

## CONCURRING OPINION

**JUSTICE WECHT**                             **DECIDED:  December 22, 2020**

Much of the mischief in this case was set in motion by the trial court's failure to fulfill a simple but important obligation: to rule upon the request by plaintiff's counsel for "an order directing defense counsel to speak with their defense witnesses about the smoking preclusion immediately before those witnesses took the stand."[1]  Instead of issuing that straightforward and eminently reasonable order, the trial court inexplicably punted, commenting vaguely that "the defendants are on notice of that request."[2]  The court abdicated its judicial role and precipitated the conflict now before us.  And so this simmering conflict has now made its way here.

A bright line is available, ensuring that the phrase "civil proceedings" in Section 8351 of the Dragonetti Act[3] is not transformed into a catch-all for every conceivable act to which litigants might resort in a given case.  Such "proceedings" are properly limited to claims (complaints, petitions for injunctive relief, and the like) and counterclaims—*i.e.*, actions that invoke the jurisdiction of a court.  This comports with the statute's use of the words "procurement" and "initiation" when describing the prohibited acts taken "against another" that would "subject [the other] to liability . . . for wrongful use of civil proceedings."[4]  Contempt hearings and motions for sanctions, by contrast, are ancillary to the underlying civil action and thus do not fall within the ambit of "civil proceedings."

---

[1]     *Sutch v. Roxborough Mem'l Hosp.*, 142 A.3d 38, 45 (Pa. Super. 2016).

[2]     *Id.* (quoting Notes of Testimony, 5/30/2012, A.M. Session, at 5-6).

[3]     42 Pa.C.S. § 8351(a).

[4]     *Id.*

Poor legislative draftsmanship has once again complicated our task. We must parse the lawmakers' language finely here in order to derive their intention. Because the Dragonetti Act does not define a "civil proceeding," we must look elsewhere to glean its meaning. The General Assembly has supplied a generic list of definitions to be employed throughout the Judicial Code, 42 Pa.C.S. §§ 101, *et seq.* Unsurprisingly, if somewhat perversely, that statutory provision itself invites the nonuniform application of words otherwise defined when "the context clearly indicates" that an alternative meaning should be used. *Id.* § 102. As pertains to this case, Section 102 of the Code provides:

> Subject to additional definitions contained in subsequent provisions of this title which are applicable to specific provisions of this title, the following words and phrases when used in this title shall have, unless the context clearly indicates otherwise, the meanings given to them in this section: . . .

> **"Proceeding."** Includes every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, but the term does not include an action or an appeal.

*Id.*

As applied to the Dragonetti Act, this definition is less than helpful. Consider, for instance, a person who wrongfully initiates civil proceedings against another. Section 8351 of the Dragonetti Act expressly denotes such a claim as, itself, "an action." *Id.* § 8351(b). But the definition of "proceeding" applicable to the entire Judicial Code makes clear that "the term does *not* include an action." *Id.* § 102 (emphasis added). Consequently, one's wrongful use of the Dragonetti Act to harass another through the judicial system, although a "proceeding" in the colloquial sense, is really an "action" and not a "proceeding" as far as the Judicial Code is concerned. Hmmm. Perhaps these confounding incongruities are, like moles, unwhackable to the last. I join the Majority's resolution of these muddled terms, secure in the knowledge that the General Assembly is empowered to clarify their meanings by redrafting the relevant statutes.

I would be remiss were I to overlook this Court's role in displacing the Dragonetti Act's legislatively designed sanctions. Compared to the now-suspended Section 8355 of the Judicial Code,[5] this Court's equivalent, Pennsylvania Rule of Civil Procedure 1023.1, is a weak sister indeed. Significantly, Section 8355 contained an express penalty for the violation of its provisions. Had this provision stood, it would have been a more robust deterrent to vexatious litigation tactics than Rule 1023.1. But this Court holds exclusive constitutional authority "to prescribe general rules governing . . . all officers of the Judicial Branch." PA. CONST. art. V, § 10(c). Consequently, Section 8355 was displaced by this Court's enactment of Rule 1023.1, which, like its federal analogue, Rule 11 of the Federal

---

[5] Section 8355 ("Certification of pleadings, motions and other papers") provided:

Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name and his address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that, to the best of his knowledge, information and belief, it is well-grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law; and that it is not interposed in bad faith or for any improper purpose, such as to harass another, to maliciously injure another or to cause unnecessary delay or increase in the cost of litigation. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion or other paper is signed in violation of this section, the court shall award to the successful party costs and reasonable attorney fees and may, in addition, impose a civil penalty which shall not exceed $10,000. Such costs, fees and civil penalty shall be in addition to any other judgment awarded to the successful party and shall be imposed upon the person who signed the pleading, motion or other paper, or a represented party, or both. This section is in addition to and shall not be construed to limit any other remedies or sanctions provided by law.

42 Pa.C.S. § 8355 (effective until June 30, 2002), *suspended by* Pa.R.C.P. 1023.1(e).

Rules of Civil Procedure, leaves the question of sanctions entirely discretionary, rendering it toothless, or at least defanged. I do not question this Court's broad rule-making powers; it is well-established that the General Assembly lacks the plenary rulemaking authority that the United States Congress possesses.[6] Rather, I believe that this Court should revisit Rule 1023.1. We should explore giving the rule the sort of bite that might ensure its deterrent component registers among those who need the inducement not to abuse civil process.

---

[6] *See Sibbach v. Wilson & Co.*, 312 U.S. 1, 9-10 (1941) ("Congress has undoubted power to regulate the practice and procedure of federal courts, and may exercise that power by delegating to this or other federal courts the authority to make rules not inconsistent with the statutes or Constitution of the United States . . . .") (footnote omitted); *accord* 28 U.S.C. § 2072.